# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

No. 13-50450
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO GALVAN-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1373-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Armando Galvan-Ramos pleaded guilty to illegal reentry and was sentenced at the floor of the applicable guidelines range to 30 months in prison and three years of supervised release. On appeal, he argues that we should not apply a presumption of reasonableness to his within-guidelines sentence because the illegal reentry Guideline is not based on empirical data. He acknowledges that this argument is foreclosed by our opinions in *United States*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009), and *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009), but he wishes to preserve the issue for possible further review.

Galvan-Ramos argues that his sentence is substantively unreasonable because it is greater than necessary to fulfill the statutory sentencing goals. He contends that because his offense level was increased by 12 levels for a relatively small-time drug trafficking offense, his sentence is at odds with the goal of proportionality, because more serious offense conduct could have also resulted in a 12-level increase. He also argues that the district court clearly erred in balancing the sentencing factors as evidenced by its erroneous observation that he had "quite a few" unscored prior offenses and its comment that a slightly longer sentence on the drug trafficking conviction would have resulted in a 16-level increase rather than a 12-level increase to his offense level. Finally, he contends that his sentence is unreasonable because this is his first illegal reentry offense.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although the district court initially noted that "quite a few" charges were not counted, defense counsel clarified that only one prior charge was not counted and that even if it had been counted, it would not have changed the criminal history computation. The court listened to Galvan-Ramos's arguments in support of a sentence below the guidelines range but was unpersuaded. In essence, Galvan-Ramos is asking this court to reweigh the 18 U.S.C. § 3553(a) sentencing factors, which we decline to do. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The judgment of the district court is AFFIRMED.